Dear Mr. Free:
This responds to your letter of May 14, 1993, requesting an opinion of this office concerning the maintenance of drainage right-of-ways along parish roads by the West Baton Rouge Police Jury (Police Jury).
You advise that from time to time the Police Jury performs drainage surveys to determine which drainage right-of-ways should be upgraded, and that the Police Jury performs the necessary work to upgrade drainage where necessary.
You further advise that the Police Jury sometimes removes culverts from private driveways and replaces them with larger, generally better, culverts. The problem that has arisen is that at least one landowner has objected to the Police Jury removing the smaller culvert purchased by the landowner and utilizing it in another location since it is being replaced by a larger and more efficient culvert.
Our first observation is that the Police Jury has full authority to construct and maintain drainage, drainage ditches and drainage canals when such work will further the best interests of the parish and is in the public interest. See LA-R.S. 33:1236(2),(12),(13). See also with respect to making and repairing of roads and highways within the parish, LA-R.S.48:471; LA-R.S. 48:485; LA-R.S. 33:106; LA-R.S. 33:3317.
However, the Police Jury may expend public funds, including materials and labor, only insofar as it is necessary to maintain efficient drainage in the public interest. As we advised in Opinion No's. 74-1350, 76-1026, 77-307, 77-1594, 78-188 and 79-509, a Police Jury is not authorized to perform such work if the work is for the exclusive benefit of private interests. The law provides that:
 "Police Juries may maintain private driveways within the right-of-way of a public road or highway owned by a parish when such maintenance serves a public purpose, but only to repair damage done by the public". See LA-R.S. 33:1236 (2)(c).
If the proposed upgrade of the parish drainage system is necessary because of changed conditions not resulting from actions by the particular private owner, the parish would be justified in the expenditure of funds for these purposes. However, if the drainage work is necessitated by action of the private owner or is for his sole benefit, then we are of the opinion that it is the responsibility of the landowner to pay for the new culvert. A public body is prohibited from donating public funds or property to a private individual under ArticleVII, Section 14 of the Louisiana Constitution 1974.
If the culvert is not intended solely to benefit a particular landowner, but is for the benefit of the public at large by aiding the drainage system, then it is our opinion that the Police Jury has authority for the proposed work. However, if as you have pointed out, a private landowner actually owns the existing culvert, i.e., it was not placed there earlier as a consequence of the expenditure of public funds, then we know of no authority for the Police Jury to compel a change in ownership of the culvert without permission of its owner.
You further ask whether the Police Jury may give title to the new culverts to the landowners and assume title to the old culverts, thus being able to use the old culverts on other parish jobs. Assuming that the culverts are of relatively equal value, this would be a possibility, but it is unlikely that this would occur under the circumstances which you describe, i.e., that the new culverts are larger and generally better ones. In this instance, it might be better to simply forego use of the old culvert and retain full title to the new one, leaving the old culvert for the recalcitrant landowner. Thus, in the future should it be necessary to again replace the culverts, the Police Jury would retain title to those being installed at the current time.
It is also possible that the Police Jury may be providing labor or materials which benefit the private landowner's driveway or property in some way, and the Police Jury might well exchange these benefits for the old culvert, assuming that they are of relatively equal value.
We hope this opinion is of benefit to you and if we may be of further assistance, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: GARY L. KEYSER, CHIEF Lands and Natural Resources Section
GLK/scp